### SECTION FOREMAN RUN DOWN BY A SWITCH ENGINE.

Court of Appeals for Lucas County.

SHERMAN, ADMINISTRATRIX, v. THE TOLEDO & OHIO CENTRAL
RAILWAY CO.

Decided, February 8, 1913.

*Negligence—Wrongful Death—Whether the Injured Employee Was at
the Time of the Accident—Engaged in the Line of His Employment
is a Question for the Jury—Rule of Company Requiring Caution on
the Part of Employees Competent, When—Comparative Negligence
—Section 9018.*

1. Where a section foreman, engaged in repairing tracks in a railroad
   yard, has gone to an adjoining yard of the same company and in
   returning in the middle of the afternoon to the point where his
   men were working walked on the track and appeared to be look-
   ing along the track and was struck and killed by a switch engine
   moving backwards following him, it is for the jury to determine
   whether he was in line of his duty as an employee at the time he
   was struck by the engine, and whether there was negligence and
   contributory negligence, and it is error to direct a verdict for the
   defendant.

2. In such case, if the jury find that each party was guilty of negli-
   gence directly contributing to the jury, it is their duty, pursuant
   to Section 9018, General Code, to determine, under appropriate in-
   structions from the court, whether the contributory negligence of
   the decedent was slight and the negligence of the company greater
   in comparison, and, if they so find, to diminish the damages in
   proportion to the negligence attributable to the decedent in the
   event of a verdict being returned for the plaintiff.

3. A rule of the company requiring every employee to exercise the ut-
   most caution to avoid injury to himself or to his fellows is com-
   petent evidence in the trial of such an action, and it is prejudicial
   error to exclude the same.

*O. S. Brumback,* for plaintiff.
*Doyle & Lewis,* contra.

RICHARDS, J.; WILDMAN J., concurs; KINKADE, J., dissents.

The plaintiff in error, Mary Sherman, administratrix, brought
an action in the court of common pleas to recover damages sus-

tained by reason of the death of her husband, Joseph Sherman, which occurred on the 26th day of November, 1910. Mr. Sherman was a section foreman in charge of a gang of men engaged in repairing tracks in what is known as the eastern division yard of the defendant company just outside of the city limits of Toledo. Immediately prior to the time of the injury which caused his death, he had visited an adjoining railway yard known as the western division yard of the same company, for what purpose does not appear, and he received the injury that resulted in his death while he was returning. The accident occurred between three and four o'clock in the afternoon. In returning he traveled along a highway, which crossed the railroad tracks, to a point near the scene of the accident, and there turned from the highway and walked south on the railroad track toward his men. At the time of his leaving the highway there was standing just north of the highway a switch engine on which was the switching crew. This engine was located a very short distance north of the highway, and was upon the track down which Mr. Sherman walked toward his men. Within a short distance south of the highway Mr. Sherman was overtaken by this switch engine, backing southward, and injured in a manner that caused his death very shortly thereafter.

The negligence alleged against the company was the failure to give any notice or warning by bell or whistle of the approach of the switch engine following Mr. Sherman. It was also charged that the switching crew, and particularly the engineer and fireman, failed to keep any lookout in the direction in which they were moving, and it is said that had they done so they must of necessity have discovered Mr. Sherman upon the track. The petition alleged that, contrary to a rule of the company, the entire switching crew, embracing not only the engineer and fireman but the conductor and both brakemen or helpers as well, were in the cab of the engine while it stood north of the highway crossing and as it followed down the track to the place of the accident.

The case was tried upon the second amended petition, and "amendment to the amended petition," the answer of the de-

fendant and the reply. It is evident that the amendment to the amended petition was intended as an amendment to the second petition. At least it was filed after the second amended petition, and we think it is not accurately entitled. The facts relative to the accident which we have stated are as claimed by the plaintiff. The defendant admitted the accident and the death resulting therefrom, denied all acts of negligence and averred contributory negligence of the decedent. At the close of the plaintiff's evidence the defendant moved the court for a directed verdict, which was overruled. At the close of all the evidence the motion was renewed, was granted and a verdict for the defendant returned accordingly, upon which judgment was entered.

During the trial the plaintiff below offered to introduce rule 719 of the defendant company in evidence. The rule reads as follows:

"Every employee is required to exercise the utmost caution to avoid injury to himself or to his fellows; especially in the switching of cars and in all movements of engines and trains."

The court excluded this rule from the consideration of the jury and this is assigned as error. We think the action of the trial court was not in accordance with the holding of the Supreme Court in *Cincinnati Street Ry. Co.* v. *Altemeier, Admr.,* 60 Ohio St., 10. It is true the rule imposed upon the employees a higher degree of care than rested on the company under the law, but, nevertheless, the existence of the rule would aid the jury in ascertaining whether Sherman was guilty of contributory negligence, and would therefore be competent evidence. It is doubtless true that much of what is said by Burket, J., in announcing the opinion in the above case, relative to such a rule or was offered in evidence in this case, is *obiter.* but the view adopted is sustained by ample authority as stated by him. If the rule is introduced in evidence the jury should be cautioned as to the difference in the degree of care mentioned in the rule and that applicable to the company.

The defendant in error contends that there was no evidence in the case tending to show any violation of duty on the part of the

railroad company toward Mr. Sherman. It is urged that he was not at the moment of his injury engaged in any duty which so engrossed his attention as made it impracticable for him to look out for his safety and imposed upon the company the duty of giving him notice of approaching danger. In fact, it is said that he was not engaged in any duty at all, but was returning to the place where his men were at work, and with nothing to take his attention from his surroundings. The only evidence tending to show that at the time of the injury he was engaged in this discharge of his duty as foreman consisted in statements of witnesses that he seemed to be looking along the track. The fact is not in dispute that he was in the employ of the company at the time, that his position was that of foreman, and that he was at the moment of the injury returning to the place where his men were still at work on the tracks of the yard, but whether he was then in the line of his duty as an employee was a proper question for the jury.

The conclusion of a majority of the court is that there was some evidence offered tending to show the negligence of the company in not giving, by bell or whistle, some notice to Mr. Sherman of the approach of the switch engine. We are also of the opinion that there was evidence in the case tending to show the negligence of Mr. Sherman in walking upon the railroad track from the highway toward the point where his men were at work, instead of walking between the tracks and in failing to take account of the dangers incident to the situation. Whether the surrounding conditions were such as to impose upon the company the duty of giving notice by bell or whistle to Mr. Sherman was a question of fact for the jury.

We refrain from expressing any opinion as to the weight of evidence touching the issues in this case. A majority of the court are of the opinion that there was evidence sufficient to have taken the case to the jury, and further than this we need not go.

Under Section 9018, General Code, it would be the duty of the jury to determine from the evidence whether negligence existed on the part of the company, and also whether contributory negli-

gence existed on the part of Mr. Sherman, and the degree of negligence of each in comparison.

For the reasons stated, the judgment below must be reversed and the cause remanded for new trial and further proceedings according to law.

Judgment reversed.


KINKADE, J.

I think the judgment of the court of common pleas should be affirmed.